**Order issued November 21, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00593-CV

_____

## CHRISTINE E. REULE, Appellant

## V.

## SHERWOOD VALLEY 1 COUNSEL OF HOMEOWNERS, INC., GEORGE HENRY RAMSEY, III, TERRY A. FRAZEE, AND DANIEL GOLDBERG, Appellees

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-37895**

---

## MEMORANDUM ORDER

Appellant, Christine E. Reule, timely filed a pro se notice of appeal on July 25, 2017, from the trial court's final judgment, signed on April 27, 2017, in this quiet title case, after filing a motion for new trial. *See* TEX. R. APP. P. 26.1(a)(1).

With her notice of appeal, Reule also filed a Declaration of Indigence on July 25, 2017, in the trial court. Then Reule filed a premature "Notice of Appeal of the Trial Court's Reversal of Her Indigency Status" in this Court on August 9, 2017. We construe Reule's notice of appeal as a motion to review the trial court's order sustaining its own challenge to Reule's declaration of indigence, under Texas Rule of Civil Procedure 145(f)(4) and (g)(1), grant it, and reverse the order.

## Background

Reule claimed that, although defendant Daniel Goldberg had not filed a motion to contest her indigency in the trial court, he still had sent a notice of hearing challenging her pauper's oath on August 1, 2017, setting it for an August 4, 2017 hearing. At the end of that indigency hearing, Reule claimed that the trial court orally overruled her objections, including that she had not received the required ten days' notice to prepare for the hearing, and declared her not indigent for appellate costs purposes. After the Clerk of this Court requested an indigent clerk's record, it was filed on September 11, 2017, including the trial court's order, signed on August 24, 2017, denying Reule's declaration of indigence.

On August 24, 2017, the original clerk's record was filed in this Court. Then on September 25, 2017, the reporter's record of the August 4, 2017 pauper's oath challenge hearing was filed. At the August 4, 2017 hearing, defendant Goldberg's counsel confirmed that she did not file a contest, but that she had been

2

informed by the trial court to file the notice of hearing for the court to hear Reule's declaration of indigence.

We construe Reule's premature August 9, 2017 notice of appeal as a motion to review the trial court's August 24, 2017 order denying her indigence claim, and deem it timely filed on August 24, 2017. *See* TEX. R. CIV. P. 145(g)(1), (2); TEX. R. APP. P. 27.2. Because the trial court's order contained no findings of fact, this Court abated this appeal on October 3, 2017, and requested the preparation of detailed findings as required by Rule 145(f)(6). A supplemental clerk's record was filed on October 26, 2017, containing the following trial court's findings of fact:

1.  Reule filed the Lawsuit on June 6, 2016.

2.  All Defendants were served and appeared before this Court.

3.  On March 13, 2017, the Lawsuit was called to trial.

4.  Reule and Defendants appeared and answered ready for trial.

5.  Prior to a jury being impaneled, Reule and [Daniel J.] Goldberg entered into an Agreed Judgment, dated March 13, 2017.

6.  The Agreed Judgment between Reule and Goldberg, dated March 13, 2017, disposed of all of Reule's claims against Goldberg.

7.  Goldberg nonsuited his counterclaims for sanctions against Reule.

8.  Reule proceeded to trial with her claims against the [Sherwood Valley 1 Counsel of Co-Owners, Inc., George Henry Ramsey III, and Terry A. Frazee] Association Defendants.

3

9. Prior to the Lawsuit being submitted to the jury, Reule and the Association Defendants reached Settlement.

10. The terms of Settlement were stated on the record.

11. Reule and the Association Defendants entered into an Agreed Final Judgment, dated April 27, 2017.

12. The Agreed Final Judgment, dated April 27, 2017, provides that Reule will receive a [$11,400.00] Settlement Check for final resolution of all claims against the Association Defendants.

13. On August 4, 2017, after being duly sworn, Reule testified that she cashed the Settlement Check following receipt.

14. Based on her declaration, Reule lives rent-free with a friend and has no housing expenses. Reule also receives an amount of $16,600 in governmental assistance annually (Social Security), which equates to around $1,333 per month.

15. Reule's Declaration of Indigence does not list the amount of the Settlement Check as money maintained by her in a bank account.

16. At the time of the August 4, 2017 hearing, Reule had approximately $11,400 in cash due to the Settlement Check. Based on Reule's stated monthly expenses in her declaration, this $11,400 plus the $1,333 she receives every month in Social Security means she has available funds to afford to pay for costs of an appeal in this lawsuit, and her paying these costs will not cause her harm.

Based on these findings of fact, signed on October 24, 2017, the trial court concluded that Reule was not indigent for purposes of appellate costs.

**Applicable Law**

The rules regarding indigence were revised effective September 1, 2016. *See* TEX. R. CIV. P. 145; TEX. R. APP. P. 20.1. Under the revised rules, an appellant no longer files an affidavit of indigence, but instead files a Statement of Inability to

4

Afford Payment of Court Costs. *See* TEX. R. CIV. P. 145(a). The district clerk, a party, or court reporter may contest the Statement by filing a motion, but there is no deadline for the filing of the contest. *See id.* 145(f)(1), (3). The district court may also contest the Statement on its own motion "[w]henever evidence comes before the court that the declarant may be able to afford costs, or when an officer or professional must be appointed in the case, the court may require the declarant to prove the inability to afford costs." *Id.* 145(f)(4).

A party who files a statement of inability to pay court costs may be required to prove his inability at an oral evidentiary hearing, but the party may not be required to pay court costs unless the trial court first holds an oral evidentiary hearing, and ten days' notice of the hearing must be given to the declarant. *See* TEX. R. CIV. P. 145(f)(5). "Notice must either be in writing and served in accordance with Rule 21a or given in open court," and at "the hearing, the burden is on the declarant to prove the inability to afford costs." *Id.* If the trial court determines that the declarant can afford to pay court costs, the trial court must issue an order containing detailed findings. *See id.* 145(f)(6). Absent a challenge, a trial court order that the declarant can afford to pay court costs also controls the costs on appeal unless the declarant files a motion in the appellate court alleging a material change in circumstances. *See* TEX. R. APP. P. 20.1(b)(3).

5

The declarant may challenge an order that the declarant can afford to pay court costs by timely filing a motion for review, within ten days of the signing of the order, in the appellate court. *See* TEX. R. CIV. P. 145(g)(1). Once an appellant appeals from a trial court's order finding he or she can afford to pay costs, the trial court clerk and court reporter must prepare at no charge a record of all proceedings regarding the declarant's claim of indigence. *Id.* 145(g)(3).

**Standard of Review**

We review a trial court's order on indigence using an abuse-of-discretion standard. *See Koehne v. Koehne*, No. 01-17-00016-CV, 2017 WL 2375789, at *2 (Tex. App.—Houston [1st Dist.] June 1, 2017, order) (per curiam) (citing *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.)). In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either than she receives public assistance, is being assisted pro bono by counsel, or is unable to afford the payment of court costs. *See* TEX. R. CIV. P. 145(e). We may find an abuse of discretion by the trial court only if the trial court's ruling is "so arbitrary and unreasonable as to be clearly wrong." *Arevalo*, 983 S.W.2d at 804; *see also In the Interest of B.T.G.*, No. 05-17-00521-CV, 2017 WL 2334243, at *1 (Tex. App.—Dallas May 30, 2017, no pet.) (mem. op.) (stating that an "order granting the motion [contesting indigence] is reviewed for abuse of discretion on appeal and will be affirmed unless the record reflects the

trial court acted in an arbitrary and unreasonable manner or without reference to any guiding rules or principles") (citation omitted). "Generally, a complaint for appellate review must be preserved by specific objection or motion in the trial court to allow the trial court an opportunity to correct the error." *In the Interest of B.T.G.*, 2017 WL 2334243, at *1 (citing, *inter alia*, TEX. R. APP. P. 33.1).

**Analysis**

Reule's notice of appeal made several objections, including that she did not receive the required ten days' notice before the indigency hearing, that she did not have enough time to prepare for the hearing, and she claims she was not required to attend this hearing because there was no motion filed by a party. *See* TEX. R. CIV. P. 145(f)(1), (5). Reule's notice also contends that the appellees gave "her back money that they stole from her" and "[b]ecause of [her] desperate situation, (she's been homeless since February 2017) she agreed to take the money and dismiss the case leaving in[]tact her right to appeal." Reule had objected at the pauper's oath challenge hearing that she had not received the required ten days' notice, that she "had no ability to properly prepare for this hearing, and there's no motion before the court." Thus, Reule's complaint that she did not receive adequate notice is properly preserved. *See In the Interest of B.T.G.*, 2017 WL 2334243, at *2 (citation omitted).

7

While the district court can sua sponte require the declarant to prove the inability to afford costs, it still must provide ten days' notice before the hearing. *See* TEX. R. CIV. P. 145(f)(4), (5). The district court responded to Reule's objection about lack of adequate notice by stating, "Okay. The Court has to rule on an indigency affidavit within a certain period [of] time, isn't that correct?" However, while the district court provided an explanation for failing to provide the ten days' notice, "Texas Rule of Civil Procedure 145 does not allow for the shortening of the notice period." *In the Interest of B.T.G.*, 2017 WL 2334243, at *2 (citations omitted). Because Reule had the burden at the hearing to prove her inability to pay costs and she received inadequate notice of that hearing, we conclude that the district court abused its discretion in granting its own motion challenging Reule's declaration of indigence after only three days' notice for the hearing. *See* TEX. R. CIV. P. 145(f)(4), (5); *see, e.g.*, *In the Interest of B.T.G.*, 2017 WL 2334243, at *2 (granting appellant's motion for review, reversing trial court's order sustaining contest to inability to pay court costs due to only six days' notice of hearing, and remanding for another hearing) (citation omitted).

Because the clerk's record was filed in this Court on August 24, 2017, we do not need to remand for another hearing. On the record before us, we hold that the trial court abused its discretion in sustaining its own motion contesting Reule's

declaration of indigence after only three days' notice. *See Koehne*, 2017 WL 2375789, at *3.

**Conclusion**

Accordingly, we **reinstate** this appeal on the active docket, **grant** Reule's motion to review, **reverse** the trial court's August 25, 2017 order, and we **order** that Reule may proceed with this appeal without payment of filing fees or costs for the clerk's or reporter's records. We further **order** the court reporter to file **within 30 days** of the date of this Order the reporter's records of any trial hearings held on March 13, 2017, or April 27, 2017. Appellant's brief will be due 30 days after the reporter's records are filed.

It is so **ORDERED.**

Judge's signature: /s/ Evelyn V. Keyes
                            Acting for the Court

Panel consists of Justices Keyes, Brown, and Lloyd

9